IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-466-PSF-OES

**ECHOSTAR SATELLITE L.L.C.,**
a Colorado limited liability company,
**f/k/a ECHOSTAR SATELLITE CORPORATION**

      Plaintiff,

v.

**PERSIAN BROADCASTING COMPANY, INC.,**
upon information and belief a California Corporation,
**f/k/a ATLANTIS ENTERPRISES, LLC,**
**a/k/a PBC**
**a/k/a TAPESH TV,** and
**TAPESH NETWORK PERSIAN BROADCASTING COMPANY,**
upon information and belief a California Corporation,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

It is stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, discovery requests, answers to interrogatories, depositions, pleadings, exhibits, witness interviews, physical evidence and all other information exchanged by the parties in this action.

It is ORDERED as follows:

1.    This Order shall govern:

      (a)    all testimony at depositions, pre-trial hearings, and at trial;

(b)     all documents, information, materials or things produced in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

(c)     all copies, abstracts, excerpts, analyses, summaries, or other materials

(d)     examinations of premises, facilities and physical evidence;

(e)     any other information otherwise given or exchanged by and among the parties and non-parties to this action.

 (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, or other materials.

The items listed in (a)-(e) above shall be referred to as "Discovery Materials."

2.     Any party to this litigation shall have the right to designate Discovery Materials (the "Designating Party") that it produces or provides as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order.   Discovery Materials designated CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL will be referred to as "Designated Materials."   Any non-party producing documents pursuant to a subpoena or otherwise may designate materials (the "Producing Non-Party") pursuant to this Protective Order only if an authorized representative of the producing non-party executes a written acknowledgment, substantially in the form of Exhibit 1 annexed to the Protective Order, that the Producing Non-Party has reviewed a copy of the Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding that non-party's designations under the Protective Order.  All designations must be made in good

faith and on reasonable belief that the designation accurately reflects the definition of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL.

(a)     "CONFIDENTIAL MATERIAL" shall mean those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that includes trade secrets or other non-public research, development, or commercial information, including but not limited to future business plans and strategies, materials related to product acquisition, corporate acquisition and/or investment, pricing policies, financial information, engineering and technical documents, and programmer affiliation agreements.

(b)     "HIGHLY CONFIDENTIAL" shall mean those Discovery Materials that contain trade secrets or other non-public research, development, or other commercial information that a competitor would have difficulty disregarding in a competitive situation, including but not limited to information about encryption technology, technical satellite materials, internal pricing, internal forecasts, marketing strategies and approaches, financial information, engineering and technical documents, program affiliation agreements and negotiations relating to such agreements, bidding strategies and analyses, strategic or business plans or projections, acquisition offers of expression of interest, and competition surveys. Discovery Materials may only be designated HIGHLY CONFIDENTIAL if the designating party believes in good faith that designation as CONFIDENTIAL MATERIAL will not provide adequate protection.  Discovery Materials may not be designated as HIGHLY CONFIDENTIAL if they were previously disclosed to the opposing party and if the opposing party was permitted to retain a copy of those materials.

3.     Discovery Materials shall be used by the parties to this litigation other than the party that created the Discovery Material or produced the Discovery Material in this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

4.     In the absence of written permission from the disclosing party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used solely for the purposes of litigation between the parties, and may be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons:

(a)     any employee or former employee of a party to whom it is deemed necessary that the documents be shown for purposes of the litigation;

(b)     outside counsel for the respective parties, and employees of and independent contractors for outside counsel that are engaged in work for such counsel necessary to assist in this litigation;

(c)     experts or consultants retained for purposes of this litigation, provided that such expert or consultant enters into the Acknowledgement attached hereto;

(d)     witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the Designated Materials is necessary, and any person being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; persons to whom

Designated Materials are disclosed pursuant to this subparagraph may not be permitted to retain copies of and Designated Materials;

(e)   the author of the Designated Material and anyone shown on the Designated Material as having received it in the ordinary course of business;

(f)   court reporters and persons preparing transcripts of depositions;

(g)   in-house lawyers for the respective parties, and employees regularly engaged in clerical, paralegal, or secretarial work for such in-house lawyers;

(h)   the Court, Court personnel, and jurors or potential jurors; and

(i)   any other person only upon order of the Court or upon stipulation of the producing party, in writing or on the record of a deposition, or at a hearing or trial.

5.   In the absence of written permission from the disclosing party, or an order of the Court, information designated as "HIGHLY CONFIDENTIAL" shall be used solely for the purposes of litigation between the parties and may be disclosed only to the following persons:

(a)   outside counsel for the respective parties, and employees of and independent contractors for outside counsel engaged in work for such counsel necessary to assist in this action;

(b)   experts or consultants retained for purposes of this action provided that such expert or consultant enters into the Acknowledgment attached to this Protective Order before being disclosed designated material;

5

(c)     witnesses of the disclosing party in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the Designated Materials is necessary;

(d)     the author of the document and anyone shown on the document as having received it in the ordinary course of business;

(e)     court reporters and persons preparing transcripts of depositions;

(f)     the Court, Court personnel, and jurors or potential jurors; and

(g)     any other person only upon order of the Court or upon stipulation of the producing party, in writing or on the record of a deposition, hearing, or trial.

6.     All persons described in paragraphs 4 and 5 above, except for the Court, to whom Designated Materials are disclosed, shall sign the Acknowledgement attached to this Protective Order.

(a)     Prior to disclosing Designated Materials to any person described in paragraphs 4 and 5, except for the Court and a witness in the course of his or her deposition, counsel shall obtain from such person a written acknowledgement substantially in the form of Exhibit 1 annexed to the Protective Order, that such person has reviewed a copy of the Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order.  In addition, counsel shall maintain a log identifying the name, address, place of employment, and employment capacity of each person who is to receive Designated Materials as well as a copy of each executed acknowledgement.

(b)      If a witness, in the course of his or her deposition, refuses to sign an Acknowledgment and such refusal is noted on the deposition record, counsel must provide (1) the witness with a copy of this Order and (2) inform the witness that the information to be communicated is: (i) Confidential or Highly Confidential, (ii) subject to a protective order in this case, (iii) may only be used in connection with that deposition, (iv) may not be communicated to any other person, and (v) any misuse of the Confidential or Highly Confidential Designated Material will violate the Court's order and may be punished as a contempt of court.

(c)      Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Protective Order, or otherwise required by law. Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Protective Order.

(d)      Notwithstanding anything contained in paragraphs 4 or 6, Confidential Designated Materials may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to (1) prepare a written opinion, (2) prepare to testify and testify at trial, hearings or depositions herein, or (3) to otherwise assist counsel in the prosecution or defense of this action, provided that such expert or consultant (i) is not currently employed by, engaged by, or directly advising any competitor of the Designating or Producing Party with respect to any business matter materially related to the subject matter of this action, and (ii) is using said information solely in connection with this action.  Before receiving any such material, such consultant or expert shall sign an

Acknowledgement in the form attached hereto as Exhibit 1, thereby agreeing in writing to be bound by the terms and conditions of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

7.      The recipient of any Designated Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Designated Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

8.      Disclosing parties shall designate "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" as follows:

(a)      In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:   "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL."  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" at the time of its production, that party may designate the document or other information within a reasonable time of discovering its error;

(b)    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Designated Materials shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose Designated Materials the deponent has had access, which counsel shall designate within thirty (30) days after counsel's receipt of a certified transcript from the court reporter.  If a portion of a deposition is designated as Designated Material before the deposition is transcribed, the transcript of the "Designated Material" shall be bound in a separate volume marked "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL" as appropriate. If a portion of a deposition is designated as Designated Material during the course if a deposition, counsel may request all persons, except persons entitled to receive Designated Material pursuant to this Protective Order, to leave the room while the deposition is proceeding until completion of the answer or answers containing Designated Material. If a portion of a deposition is designated as Designated Material after the deposition is transcribed, counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Designated Materials, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL."  If no designation is made within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials;

(c)     Transcripts of depositions or documentation produced in the action will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. The parties shall use their best efforts to include Designated Materials in Court filings only when absolutely necessary, and shall, to the extent possible, file redacted versions of sealed filings that redact any portions of those filings that contain or reflect Designated Material.  Consistent with Local Rule 7.2, if a motion to seal is pending any material filed under seal shall remain under seal and shall not be disclosed to any person other than Court personnel, opposing counsel, and any other person permitted under the terms of this Protective Order to have access to the sealed material until the Court has ruled on that motion. If the Court grants or had granted the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Protective Order or other Court Order.  Filings to be filed under seal shall be filed as provided in Local Rule 7.3.

A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

(d)     Any Designated Materials produced in a non-paper media (*e.g.*, videotape, audiotape, computer disk, *etc.*) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL".  In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL," and the hard copy, transcription or printout shall be treated as it is designated.

9.      A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within fourteen (14) days or such shorter time as may be necessary in the circumstances after the objection is received the party seeking to de-designate the information as "CONFIDENTIAL MATERIAL" OR "HIGHLY CONFIDENTIAL" may file a motion requesting that this Court determine whether the disputed material shall be treated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order.  The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" is on the party making such designation.  Information designated as Designated Material shall retain its Designated Material status as well as its category of designation until such time as either:  (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise, unless such order is stayed pending appellate review.  A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

10.     In the event that any Designated Material is used in any Court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the parties shall take all steps

11

reasonably required to protect its confidentiality during such use.

11.     In the event that any Designated Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but no limited to, requesting the Court to hear counsel with respect to such information *in camera*.  No party who has received Designated material shall offer it into evidence or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so.  At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records.  The use of Designated Material in any court proceeding shall not prejudice in any way the rights of any person to petition the court for such further protective measures as may be necessary to protect the confidentiality of such material.

12.     If Designated Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.     In the event any receiving party having possession, custody or control of any Designated Material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall

12

provide prompt written notice, by hand or facsimile transmission, as soon as practical and, if possible, within twenty-four hours after receipt of such subpoena or other process or order to counsel for the producing party or third party, furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected.   The producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order.   The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

14.   If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action, which was produced or designated as Confidential in this action, the Receiver shall give prompt written notice, by hand or facsimile transmission as soon as practical and, if possible, within twenty-four hours after receipt of such subpoena, demand, or legal process, to the Designating Party and shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL MATERIAL" OR HIGHLY CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

15.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Designated material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

16.     Within sixty (60) days of the later of (a) termination of litigation between the parties, or (b) the expiration of the time for appeal, all Designated Material and all copies thereof, shall be returned to the party which produced it or shall be destroyed at the option of the Designating Party.  However, counsel for each party shall be entitled to retain court papers and attorney work product which contains Designated Material or references thereto; provided that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Designating Party.

17.     Except as specifically provided, the terms, conditions, and limitations of this Order shall survive the termination of this action.  The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order and to adjudicate disputes concerning or related to this Protective Order.

18.     Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

(a)    operate as an admission by any party that any material designated by another party or non-party actually contains or reflects trade secrets or other confidential information;

(b)    reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or privileged from discovery;

(c)    prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Protective Order;

(d)    prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; and/or

(e)    prevent the parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by the designating party.

19.    This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive hereof.

20.    This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, trade secret, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

15

21.     Nothing contained herein shall preclude a producing entity from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

**DONE** and **ORDERED** on this _13__ day of _____October, 2005_____

s/ O. Edward Schlatter

_____

**MAGISTRATE O. EDWARD SCHLATTER**

Tendered for Review:

/s/ Todd A. Jansen

*Todd A. Jansen*
COCKRELL, QUINN & CREIGHTON
Mile High Center
1700 Broadway, Suite 1516
Denver, Colorado 80290
(303) 860-7140
(303) 860-7344 (fax)
TJansen@cqclaw.com

David M. Noll
T. WADE WELCH & ASSOCIATES
2401 Fountainview, Suite 700
Houston, Texas 77057
(713) 952-4334
(713) 952-4994 (fax)
dnoll@twwlaw.com

**ATTORNEYS FOR ECHOSTAR
SATELLITE L.L.C.,**

/s/ Carolyn V. Juarez

*Carolyn V. Juarez*
Chad T. Nitta
COOLEY GODWARD, LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000
(720) 566-4099 (fax)
cjuarez@cooley.com
cnitta@cooley.com

**ATTORNEYS FOR PERSIAN
BROADCASTING COMPANY,
INC.**

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-466-PSF-OES

**ECHOSTAR SATELLITE L.L.C.,**
a Colorado limited liability company,
**f/k/a ECHOSTAR SATELLITE CORPORATION**

      Plaintiff,

v.

**PERSIAN BROADCASTING COMPANY, INC.,**
upon information and belief a California Corporation,
**f/k/a ATLANTIS ENTERPRISES, LLC,**
**a/k/a PBC**
**a/k/a TAPESH TV,** and
**TAPESH NETWORK PERSIAN BROADCASTING COMPANY,**
upon information and belief a California Corporation,

      Defendants.

---

## EXHIBIT 1
## AGREEMENT TO BE BOUND TO PROTECTIVE ORDER

---

    The undersigned, _____ hereby acknowledges that he or she has received a copy of the Protective Order entered in the above captioned litigation, has read the same in its entirety and agrees to be bound by all the provisions thereof.

    The undersigned understands and agrees that certain materials and/or information either provided or testified to are Confidential or Highly Confidential, as defined in the Protective Order. With respect to the materials and/or information which has been provided in connection with this Action, the undersigned promises that he or she will not use the Designated Material for any purpose other than to the extent necessary to fulfill his or her obligations in this Action

18

and that the undersigned will not communicate such information to anyone, except as authorized in the Protective Order.  Further, the undersigned promises to return any copies of documents, which he or she has been given in connection with this Action.

The undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of Colorado, for all disputes arising under the Protective Order and understands that failure to comply with the terms of the Protective Order may constitute contempt of court.

Date:_____

Signed:_____

19

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of October, 2005, I electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record at the listed email address:

Chad T. Nitta
Carolyn V. Juarez
Cooley Godward LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
cnitta@cooley.com
cjuarez@cooley.com

David M. Noll
T. Wade Welch & Associates
2401 Fountainview, Suite 700
Houston, Texas 77057
dnoll@twwlaw.com

s/ Todd A. Jansen