IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00466-PSF-MEH

ECHOSTAR SATELLITE L.L.C., a Colorado limited liability corporation,
f/k/a Echostar Satellite Corporation,

 Plaintiff,

v.

PERSIAN BROADCASTING COMPANY, INC., upon information and belief,
a California corporation, f/k/a Atlantis Enterprises, LLC;
a/k/a PBC;
a/k/a TAPESH TV, and
TAPESH NETWORK PERSIAN BROADCASTING COMPANY,
upon information and belief a California Corporation,

 Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Dkt. # 10), filed June 21, 2005, and Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to F.R.Civ.P. 12(b)(6) (Dkt. # 11), also filed June 21, 2005. The motions are fully briefed and ripe for disposition.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Echostar Satellite L.L.C. ("Echostar") filed this diversity action on March 14, 2005, as a result of Defendant Persian Broadcasting Company and Tapesh Network Persian Broadcasting Company's (collectively, "PBC") alleged failure to transfer its Farsi programming to Echostar's network as specified in an Affiliation

Agreement entered into by Echostar and PBC.  Plaintiff filed its First Amended Complaint on March 29, 2005.

Echostar is in the Direct-to-Home satellite television business, using high-powered satellites to broadcast programming to consumers under its trade name, DISH network.  PBC owns and distributes Farsi language audio and video programming channels (Tapesh 1 and Tapesh 2).  On September 10, 2003, Echostar and PBC entered into an Affiliation Agreement providing Echostar an exclusive license and right to broadcast PBC's Farsi programming.  Am. Compl. at ¶¶ 12-13.  The Agreement provided PBC with a period of time within which to migrate its programming from its current broadcast service to the DISH network.  Under the Agreement, this period was to end on February 28, 2004.  Agreement at ¶ 2.1.1, attached as Ex. 1 to Am. Compl.  Echostar contends that it "granted PBC two extensions for a cumulative seven month extension," requiring PBC to cease distribution of the programming by September 30, 2004.  Am. Compl. at ¶ 17.  PBC alleges that these extensions were for Echostar's benefit and due to Echostar's inability to meet its obligations under the Affiliation Agreement.  Def.'s Answer at ¶ 17.

Echostar alleges that PBC materially breached, and continues to materially breach, the Agreement by continuing to distribute the programming elsewhere.  Am. Compl. at ¶ 18.  Echostar claims to have sent PBC a notice of breach on October 13, 2004, and a Cease and Desist letter on December 17, 2004.  *Id.* at ¶¶ 26-27.  It eventually filed suit, seeking damages for breach of contract and breach of the covenant of good faith and fair dealing, and requesting a permanent injunction.  PBC's

Answer raises eleven affirmative defenses and brings a counterclaim for breach of contract.

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

On June 21, 2005, Echostar filed a motion to strike each of PBC's affirmative defenses pursuant to F.R.Civ.P. 12(f). Echostar claims that the affirmative defenses fail to meet the pleading requirements of F.R.Civ.P. 8(a)[1] and that several defenses are inapplicable to Echostar's causes of action.

### A. Standard of Review

Affirmative defenses are subject to F.R.Civ.P. 8(b), which requires that a party "state in short and plain terms the party's defenses to each claim." Under F.R.Civ.P. 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of the case. *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). Motions to strike, however, are generally a disfavored and drastic remedy. *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). Allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Even where the challenged allegations fall within the rule's prohibited categories, a party must usually make a showing of prejudice before a court will grant a motion to

---

[1] Although both parties discuss applicability of F.R.Civ.P. 8(a) to PBC's defenses, the proper applicable rule is F.R.Civ.P. 8(b).

strike. *Sierra Club*, 173 F.R.D. at 285 (citing 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1382 (2d ed. 1990)).

### B. Discussion

Plaintiff first requests that this Court strike all eleven of PBC's affirmative defenses because "they are mere bare bones allegations lacking any factual content and fail to give notice to Echostar of the substance of any defenses raised." Pl.'s Mot. Strike at 4-5. Echostar points to Seventh Circuit case law holding that a court should strike affirmative defenses not pled with sufficient particularity. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (upholding a motion to strike all of defendant's affirmative defenses because they were bare bones, conclusory allegations); *see also Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568 (N.D. Ill. 1999) (striking three affirmative defenses for insufficient pleading, citing *Heller*).

Although not detailed, PBC lists eleven short, plain statements of its affirmative defenses, providing Echostar with fair notice. *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (short, plain statement is sufficient if it gives opposing party fair notice of its claims; liberal discovery under the rules will allow further definition of the disputed facts and issues). Moreover, plaintiff makes no showing of prejudice, justifying striking the defenses. Finally, each of the affirmative defenses raises factual issues for this Court to consider and are related to the controversy. For example, PBC alleges in its Answer that Echostar was "unable to meet its obligations under the Affiliation Agreement," and thus granted two extensions, supporting the possibility of the affirmative defenses of inducement, breach, unequitable conduct, unclean hands, and impossibility. Def.'s

4

Answer at 3, ¶ 17.  PBC further alleges that Echostar failed to fulfill other duties under the Agreement, justifying PBC's breach.  *Id.* at 9, ¶ 12.  In the context of such allegations, PBC's affirmative defenses meet the requirements of F.R.Civ.P. 8(b) and are sufficient to survive a motion to strike under F.R.Civ.P. 12(f).  *See also Resolution Trust Corp. v. Ascher*, 839 F. Supp. 764, 765-66 (D. Colo. 1993) ("Motions to strike are generally disfavored, but are within the district court's sound discretion.") (internal citations omitted).

Echostar also asks this Court to strike PBC's first, sixth, tenth, and eleventh affirmative defenses because they are inapplicable to Echostar's causes of action.  According to Echostar, PBC's first affirmative defense–failure to state a claim–improperly recites the standard for a motion to dismiss under F.R.Civ.P. 12(b)(6) and fails to indicate how it is connected to the present case.  PBC states that "each and every claim alleged" is subject to this defense.  That is likely not the case.  Nevertheless, neither a motion to dismiss under Rule 12(b)(6) nor a motion for judgment on the pleadings has been filed by the defendants, and no merits determination of the sufficiency of the complaint will be undertaken without such a motion.  Under Rule 12(b)(6), a defense such as a failure to state a claim "shall be asserted in the responsive pleading" or "may at the option of the pleader be made by motion."  The Court reads the rule as requiring the assertion of this affirmative defense within the timeframe required for answering, either in the answer or by separate motion, or the defense may be waived or brought in another manner contemplated by F.R.Civ.P. 12(h) (stating that failure to state a claim may be brought in a pleading, which is defined in Rule 7(a), by motion for judgment on the pleadings, or at trial).

5

Thus, this defense, apparently asserted at this time only to preserve its potential future viability, will neither be stricken nor decided now on the merits.

Echostar seeks to strike PBC's sixth affirmative defense–unconscionability. As grounds therefor, Echostar claims that "the contract at issue was executed by two sophisticated business entities and PBC has alleged no facts, even when taken as true, that support its allegation that the agreement was so one-sided as to be unconscionable." Pl.'s Mot. Strike at 6. It appears that Echostar is asking this Court to rule that the contract is not unconscionable, an inappropriate request in the context of a motion to strike. Further, Echostar does not set forth a proper basis for a motion to strike, as an affirmative defense is insufficient as a matter of law only if it cannot succeed under any circumstance. *See Federal Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992). Despite the sophistication of the parties, there is certainly the possibility, however slight, that PBC could show circumstances under which the contract at issue was unconscionable, and the affirmative defense could bear on such a controversy. The Court declines to strike PBC's sixth affirmative defense.

Echostar next challenges PBC's tenth affirmative defense–impossibility. PBC argues that its "performance was made impossible, and thereby excused." Answer at 7. Echostar argues that "there is no basis in fact or law that could give rise to an affirmative defense of impossibility." Pl.'s Mot. Strike at 6. Maybe so, but that cannot be determined on the basis of the record at this juncture. Impossibility is a defense to breach of contract under Colorado law, *see e.g. Colo. Performance Corp. v. Mariposa Assocs.*, 754 P.2d 401, 407 (Colo. App. 1987), and no summary judgment motion or

evidentiary basis for dismissal has been presented. The Court declines to strike PBC's tenth affirmative defense.

Finally, Echostar moves to strike PBC's eleventh affirmative defense, which claims that the Affiliation Agreement is unenforceable as a matter of public policy. Although Echostar claims that the exclusivity agreement at issue is not against public policy, and it may well be right, Echostar has not eliminated the potential validity of that defense as a matter of law in all circumstances. The Court thus declines to strike PBC's eleventh affirmative defense.

In its reply brief, Echostar raises several other affirmative defenses that it now determines "cannot succeed" and should be stricken. Pl.'s Reply at 4. However, as these were not raised in Echostar's original motion and PBC did not have an opportunity to respond, the Court declines to rule on the additional affirmative defenses.

### III. MOTION TO DISMISS COUNTERCLAIM

Echostar requests this Court to dismiss Defendant Tapesh Network Persian Broadcasting Company's ("Tapesh's") counterclaim for breach of contract pursuant to F.R.Civ.P. 12(b)(6), failure to state claim upon which relief can be granted. Echostar claims that the counterclaim is a "three-page compilation of conclusory allegations that even when taken as true, fail to support a cognizable legal claim for breach of contract." Pl.'s Mot. Dismiss at 1.

#### A. Standard of Review

A cause of action will be dismissed for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that

the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, see *Conley*, 355 U.S. at 45-46; *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, see *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  The purpose of Rule 12(b)(6) motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party,"  *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998), and must generally accept a plaintiff's well-pleaded allegations as true, and construe all reasonable inferences in favor of the plaintiff.  *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493 (1986); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976).

**B.  Discussion**

Tapesh counterclaims that Echostar breached the Affiliation Agreement by "failing to invest the required resources into promoting the Tapesh Channels to attract new viewers; failing to support the Farsi language programming; failing to market and advertise the Farsi language programming . . . ; failing to provide adequate customer support . . . ; failing to provide business and technical support to Tapesh; failing to communicate with and return communications from Tapesh; and failing to recruit additional Farsi language programming providers."  Answer at 9, ¶ 12.  Tapesh claims that these failures constituted a material breach, caused damages, and relieved it of any duty to continue fulfilling its obligations under the Affiliation Agreement.  *Id.* at 10, ¶¶ 15-17.  Echostar seeks dismissal of the counterclaim for three reasons: (1) failure to

plead facts that defendant performed its obligations under the Affiliation Agreement; (2) failure to plead sufficient facts that plaintiff did not perform its obligations under the Affiliation Agreement; and (3) failure to adequately plead damages for breach of contract.

As to the first basis of dismissal, F.R.Civ.P. 9(c) provides that "[i]n pleading the performance . . . of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed." Additionally, the pleading requirement can be met by inferences drawn from the complaint. *See Resolute Ins. Co. v. Percy Jones, Inc.*, 198 F.2d 309, 311 (10th Cir. 1952) (failure to allege compliance with conditions precedent may be cured by allegations of the answer as well as evidence introduced at trial). Tapesh alleges that Echostar's breach relieved it "of any duty to *continue to fulfill* any of its obligations under the Agreement." Answer at 10, ¶ 17 (emphasis added). Construing the complaint in favor of the complaining party, Tapesh satisfies the requirements of F.R.Civ.P. 9(c), and satisfies Colorado's requirement that a party attempting to recover on a breach of contract claim prove, *inter alia*, "performance by the plaintiff or some justification for nonperformance." *W. Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)

Echostar's second basis for dismissal is also unavailing. Tapesh properly pled sufficient facts that Echostar did not perform its obligations under the Affiliation Agreement. Tapesh included a specific list of alleged actions or inactions by Echostar that constituted a breach of the Agreement. Answer at 9, ¶ 12. Such facts, if proven, may support recovery under a breach of contract theory. While Tapesh did not tie each alleged shortcoming of Echostar to a particular provision of the Affiliation Agreement,

9

under F.R.Civ.P. 8(a) it is not required to. No fraud claim or other basis for requiring pleading with particularity is present. *See* F.R.Civ.P. 9(b).

Finally, Echostar argues that Tapesh failed to adequately plead damages for breach of contract, warranting dismissal. On a motion to dismiss, "general factual allegations of injury" may suffice, for a court will "presume that the general allegations embrace those specific facts that are necessary to support the claim." *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994)). Here, Tapesh claims that "[a]s a direct and proximate result of Echostar's breach, Tapesh suffered damages." Answer at 10, ¶ 16. Such an averment is sufficient at the pleading stage to survive, and meets the liberal requirements of F.R.Civ.P. 8(a)(3), that a counterclaim contain "a demand for judgment for the relief the pleader seeks." In its Prayer for Relief, Tapesh properly requests "the damages it has suffered." Answer at 10, ¶ 19b. For the foregoing reasons, the Court DENIES Echostar's Motion to Dismiss Defendant's Counterclaim.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Strike (Dkt. # 10). Further, the Court DENIES Plaintiff's Motion to Dismiss (Dkt. # 11).

DATED: February 22, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge