IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00466-PSF-MEH

ECHOSTAR SATELLITE, L.L.C.,
a Colorado limited liability company,
f/k/a ECHOSTAR SATELLITE CORPORATION,

      Plaintiff,

vs.

PERSIAN BROADCASTING COMPANY, INC.,
upon information and belief a California Corporation,
f/k/a ATLANTIS ENTERPRISES, LLC,
a/k/a TAPESH TV, and
TAPESH NETWORK PERSIAN BROADCASTING COMPANY,
upon information and belief a California Corporation,

      Defendants.

_____

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND SCHEDULING ORDER
AND LEAVE TO FILE SECOND AMENDED COMPLAINT**
_____

      Plaintiff has filed a Motion for Leave to Amend Scheduling Order and Leave to File Second

Amended Complaint (Docket #32) ("Motion to Amend").  This motion has been referred to this

Court by District Judge Figa (Docket #34).  Defendants have filed their response and Plaintiff its

reply.  Oral argument would not materially assist the Court in adjudicating this motion.  For the

reasons stated below, the Court **grants** the Motion to Amend.

**I.      Facts**

      Plaintiff alleges that Defendants breached a contract which gave Plaintiff exclusive rights to

Defendants' programming.  Plaintiff contends that it learned through discovery responses (received

by Plaintiff on October 11, 2005) that Defendants had a separate contractual agreement with an entity named GlobeCast with regard to carrying Defendants' programming, an agreement that breached certain representations and warranties that Defendants had made to Plaintiff.  The current Motion to Amend seeks to add allegations regarding this breach of representation and warranty.   Plaintiff amended its Complaint once of right prior to an answer (<u>Docket #3</u>).   The proposed Second Amended Complaint adds only factual allegations (increasing the total factual averments from 28 paragraphs to 32 paragraphs); it does not add any additional claims.  The discovery deadline is June 1, 2006.  Defendants do not allege any prejudice.

Plaintiff also requests an amendment of the Scheduling Order to the extent that it does not permit amendments to the pleadings beyond the stated deadline of September 15, 2005.

## II.    Discussion

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  Fed.R.Civ.P. 15(a).  Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan,* 397 F.3d at 1315.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies

by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see*

*Foman,* 371 U.S. at 182.

Defendants assert none of the appropriate bases for denial of the present Motion to Amend.

Plaintiff merely seeks to have a Complaint that reflects the evidence.  This is hardly a "frivolous"

motion -- as alleged by Defendants -- given the legal standard for motions to amend, and defense

counsel is cautioned to avoid such a casual and inappropriate use of that legal term of art.  *Cf.*

*Dillingham v. Wainwright*, 422 F. Supp. 259, 261 (S.D. Fla. 1976) (describing the meaning of

"frivolous").

Therefore, the Court finds that Plaintiff has established good cause for amending its

Complaint.  The Court does not find it necessary to formally amend the Scheduling Order to allow

the filing of Plaintiff's Second Amended Complaint.  As noted above, discovery which formed the

basis for the amendment was not received by the Plaintiff from the Defendant until October 11, 2005,

about a month after the deadline for amendment of pleadings, and good cause for filing the request

for amendment out-of-time has been established here.

## III.    Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion

for Leave to Amend Scheduling Order and Leave to File Second Amended Complaint [Filed

November 21, 2005; Docket #32] is **granted**, and the Clerk of the Court is directed to accept the

proposed Second Amended Complaint for filing.

Dated at Denver, Colorado, this 3rd day of March, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge